{¶ 76} The majority engages in a lengthy analysis, relying on rules of construction and the broad purposes of felony sentencing, to conclude that a trial court can grant an untimely motion for judicial release as long as the offender filed a timely motion sometime in the past. This convoluted analysis is unnecessary because the statute is clear. The second sentence of R.C. 2929.20(C) states that a trial court cannot grant a motion for judicial release without a hearing. The first sentence states that the trial court may schedule a hearing "[u]pon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division." Since a trial court can only grant a motion for judicial release after a hearing and it can only schedule a hearing after a timely motion, then any subsequent motion filed under the third sentence within R.C. 2929.20(C) must be filed within the appropriate time period specified in R.C.2929.20(B).
 {¶ 77} It does not matter whether the third sentence in R.C. 2929.20(C) specifically mentions that any subsequent motion must be timely filed. A trial court does not have the authority to set a hearing on an untimely motion and it does not have the authority to grant the motion without a hearing. Thus, the trial court cannot grant judicial release after an untimely motion. I respectfully disagree with the majority's conclusion. The trial court's judgment granting Appellee's untimely motion for judicial release should be reversed.